# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE SERIES 7 BROKER
QUALIFICATION EXAM SCORING
LITIGATION

This Document Relates To:
ALL CASES

Misc. Action No.  06-355 (JDB);
MDL Docket No. 1772

## INITIAL PRACTICE & PROCEDURE ORDER

This order shall, unless superseded by subsequent orders, govern the practice and

procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation

pursuant to its order of June 27, 2006, as well as any related or "tag-along" actions originally

filed in this Court or transferred or removed to this Court.  As of this date, those actions are:

No. 1:06-cv-0280, Lowe v. Nat'l Ass'n of Sec. Dealers, et al.
No. 1:06-cv-0382, Wallin v. Nat'l Ass'n of Sec. Dealers
No. 1:06-cv-0525, Cutler v. Nat'l Ass'n of Sec. Dealers
No. 1:06-cv-0554, Hester v. Nat'l Ass'n of Sec. Dealers
No. 1:06-cv-0580, Ketita v. Nat'l Ass'n of Sec. Dealers, et al.
No. 1:06-cv-0624, Ribeiro v. Nat'l Ass'n of Sec. Dealers, et al.
No. 1:06-cv-0652, Crockett v. Nat'l Ass'n of Sec. Dealers, et al.
No. 1:06-cv-0915, Marino v. Nat'l Ass'n of Sec. Dealers, et al.
No. 1:06-cv-1320, Ivanov v. Nat'l Ass'n of Sec. Dealers (transferred from S.D.N.Y.)
No. 1:06-cv-1321, Hester v. Nat'l Ass'n of Sec. Dealers (transferred from S.D.N.Y.)
No. 1:06-cv-1322, Cutler v. Nat'l Ass'n of Sec. Dealers (transferred from S.D.N.Y.)
No. 1:06-cv-1323, Crabbe v. Nat'l Ass'n of Sec. Dealers (transferred from S.D.N.Y.)
No. 1:06-cv-1324, Jordan v. Nat'l Ass'n of Sec. Dealers (transferred from E.D. Ark.)
No. 1:06-cv-1377, Wilson v. Nat'l Ass'n of Sec. Dealers (transferred from S.D. Iowa)
No. 1:06-cv-1378, Bruen v. Nat'l Ass'n of Sec. Dealers (transferred from S.D.N.Y.)
No. 1:06-cv-1379, Ruimerman v. Nat'l Ass'n of Sec. Dealers (transferred from S.D.N.Y.)
No. 1:06-cv-1380, Varma v. Nat'l Ass'n of Sec. Dealers (transferred from S.D. Ohio)
No. 1:06-cv-1381, Russo v. Nat'l Ass'n of Sec. Dealers (transferred from E.D. Pa.).

It is this 10th day of August, 2006, hereby **ORDERED** that

    1.  All such actions (hereinafter "these actions") -- including actions filed, transferred, or removed subsequent to the issuance of this order -- shall be consolidated for pretrial purposes. Any party that objects to such consolidation or to any other provision of this order must raise that objection at the Initial Scheduling and Case Management Conference (to be set by this order) or, if the case is consolidated herewith following that conference, such party must raise the objection by a motion for relief from this order within ten (10) days of either counsel's first appearance herein or the entry of a consolidation order in such case, whichever is earlier.

    2.  The Clerk of the Court shall maintain a Master Docket and electronic case file under the caption "In re Series 7 Broker Qualification Exam Scoring Litigation" and the case number 1:06-mc-355 (JDB).  All pleadings, motions, or other papers relating to these actions ***shall be filed in the Master Docket only***, unless otherwise directed by the Court.  Every such pleading, motion, or paper shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION** <br><br> **This Document Relates To:** | **Misc. Action No.  06-355 (JDB); MDL Docket No. 1772** |

-2-

When the document being filed pertains to all cases, the phrase "**ALL CASES**" shall appear immediately below the phrase "This Document Relates To."  When the document pertains to fewer than all cases, the document shall list each case to which the document relates on a separate line below the phrase "This Document Relates To"; the cases shall be designated by the last name of the first named plaintiff, followed by the individual civil-action docket number assigned by the Clerk of *this Court* (e.g., "Ivanov, No. 1:06-cv-1320").

3.  All papers shall be filed by electronic means, via the Case Management/Electronic Case Filing system ("CM/ECF"), as required by (and subject to the exceptions contained in) Local Civil Rule 5.4.  Counsel who are not already registered for CM/ECF access shall promptly obtain a CM/ECF password from the Clerk of the Court, per the requirements of Local Civil Rule 5.4(b).  As provided by Local Civil Rule 5.4(d), electronic filing of any document operates to effect service of the document on all parties whose counsel have obtained CM/ECF passwords.  Counsel who have not yet obtained CM/ECF passwords must serve and be served as otherwise provided in Rule 5(b) of the Federal Rules of Civil Procedure.

4.  *No more than one attorney for each plaintiff* may enter an appearance on the Master Docket.  If more than one attorney for a plaintiff currently is designated on the Master Docket as an "attorney to be noticed," that plaintiff shall provide the Clerk of the Court with the name of one counsel to be the attorney of record, and the Clerk shall remove all other listed attorneys for that plaintiff from the Master Docket.

5.  Any paper filed herein that is substantially identical to any other paper filed herein shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers, they shall, if

-3-

practicable, join in the submission of such papers and shall file only one paper on behalf of all parties so joined.

6.  All motions heretofore filed and docketed in any of the individual actions shall be administratively terminated, without prejudice to refiling, if appropriate, in the Master Docket.

7.  Defendants shall file a Notice of Related Case in the Master Docket whenever a case is filed in this Court that defendants believe should be consolidated into this action, unless the action already has been assigned to the undersigned judge.

8.  The terms of this order shall not have the effect of making any person, corporation, or entity a party to any action in which he, she, or it has not been named, served, or added as such, in accordance with the Federal Rules of Civil Procedure.

9.  Defendants' obligations to answer or otherwise respond to the initial complaints filed in these actions shall remain stayed pending the Initial Scheduling and Case Management Conference and further order of the Court.

10.  All discovery proceedings in these actions are stayed until further order of the Court, and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until such time as a discovery schedule is established by order of the Court.

11.  Any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect unless modified by this Court upon application.

12.  Counsel shall familiarize themselves with the Local Civil Rules of this Court. Except as provided herein to the contrary, the parties shall comply with all such rules.  The parties are directed especially to the requirements of Local Civil Rule 5.1(b), regarding written

correspondence with the Court (which shall be by motion, opposition, and reply, rather than letter); Local Civil Rule 7(m), regarding the duty of counsel to confer in advance of filing nondispositive motions (including those for enlargements of time); and Local Civil Rule 7(c), regarding the submission of proposed orders with all motions and oppositions.

13.   The requirements of Local Civil Rule 23.1(b) are waived.  Any motion(s) for class certification or appointment of class counsel shall be filed pursuant to further order of the Court.

14.   Hearings shall not be held on any motions, except by order of the Court upon such notice as the Court may direct.

15.   The Court will be guided by the Manual for Complex Litigation 4th, approved by the Judicial Conference of the United States, and counsel are directed to familiarize themselves with that publication.

16.   No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of Local Civil Rule 83.2 are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States District Court.

17.   All other matters will be discussed at the Initial Scheduling and Case Management Conference, which is hereby set for *September 18, 2006, at 10:30 a.m. in Courtroom 8*.  Parties are welcome to attend.  Counsel and parties who reside outside of the metropolitan Washington, D.C., area may participate in the conference telephonically, provided that they jointly make arrangements for a dial-in telephone-conferencing service (i.e., a single telephone number that can be used to connect all telephonic participants).  In the event that any counsel or party wishes to participate telephonically, a designee of all such counsel and parties shall contact chambers of the undersigned judge no later than two business days in advance of the conference to provide a

telephone number and, if necessary, a participant access code for the telephone-conferencing service. All telephonic participants shall be online by not later than 10:25 a.m. on the date of the conference.

18. In lieu of complying with the specific requirements of Local Civil Rule 16.3, counsel shall -- at the initiation of counsel for defendant the National Association of Securities Dealers, and by not later than September 8, 2006 -- meet, confer, and seek consensus regarding a proposed Scheduling Order and Case Management Plan that will facilitate the just, speedy, and inexpensive determination of all pretrial matters. Counsel shall discuss all matters that are likely to be addressed at the Initial Scheduling and Case Management Conference, including (but not limited to) the following:

a.     Whether there is a realistic possibility of settling the case without judicial action.

b.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of ADR, such as referral to a magistrate judge for purposes of facilitating settlement discussions. In assessing the above, counsel shall consider:

(i)     the client's goals in bringing or defending the litigation;

(ii)     whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii)     the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa)     whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb)     whether ADR should take place before or after the judicial resolution of key legal issues;

(iv)     whether the parties would benefit from a neutral evaluation of the case, which could include suggestions regarding the focus of discovery, the

-6-

legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v)     whether cost savings or any other practical advantages would flow from a stay of discovery or of other pretrial proceedings while an ADR process is pending.

c.     Appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof; dates for filing a Rule 23 motion and oppositions and replies thereto; possible dates for oral argument and/or an evidentiary hearing on the motion; whether the Court should designate interim counsel to act on behalf of the putative class; and, in the event a class is certified, procedures for considering appointment of class counsel.

d.     The possibility of filing a consolidated amended complaint and the timing thereof.

e.     Dates for defendants to file responsive pleadings (consolidated or otherwise) and/or Rule 12 motions.

f.     Whether some or all of the factual or legal issues can be agreed upon or narrowed.

g.     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and, if not, what if any changes should be made in the scope, form or timing of those disclosures.

h.     Whether discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

i.     The anticipated extent of discovery; how long discovery should take; what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

j.     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure should be modified, and whether and when depositions of experts, if any, should occur.

k.     Whether parties are likely to file dispositive motions and, if so, dates for filing such motions and/or cross-motions, oppositions, and replies.

l.     Such other matters that the parties believe may be appropriate for inclusion in the Scheduling Order and Case Management Plan.

-7-

m.      Suggestions for additional items to be included on the agenda for the Initial Scheduling and Case Management Conference.

n.      Arrangements for any telephone-conferencing service that will be needed for the Initial Scheduling and Case Management Conference.

By not later than September 13, 2006, the attorneys of record shall jointly submit to the Court a written report that (1) outlines the proposed Case Management Plan, including a succinct statement of all agreements reached with respect to any of the above issues, a description of the positions of each party on any matters as to which they disagree, and a proposed Scheduling Order, and (2) identifies all defendant corporations (as well as parent, subsidiary, or affiliate entities) that have outstanding securities in the hands of the public.

19.   At the Initial Scheduling and Case Management Conference, counsel for plaintiffs shall be prepared to designate *no more than three* liaison counsel, subject to the approval of the Court.  Liaison counsel, who should be (or be eligible to become) members of the Bar of this Court, shall be authorized to represent all parties within their liaison group solely for purposes of (1) conferring on nondispositive motions and (2) appearing at future conferences and hearings before the Court.  Other plaintiffs' counsel need not attend future conferences and hearings before the Court, but they may *monitor (without participating in)* such conferences and hearings, provided that they jointly make arrangements for a dial-in telephone-conferencing service and contact chambers of the undersigned judge at least two business days in advance of the conference or hearing to provide any necessary telephone number and access code.

**SO ORDERED.**

_____/s/ John D. Bates_____
JOHN D. BATES
United States District Judge

-8-

Copies to:

David J. Antczak
DRINKER BIDDLE & REATH, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996

John Balestriere
BALESTRIERE, P.L.L.C.
225 Broadway, Suite 2700
New York, NY  10007

Steven N. Berk
CUNEO GILBERT & LADUCA
507 C Street, NE
Washington, DC  20002
Email: stevenb@cuneolaw.com

Michael L. Eckert
ECKERT, KOST & VOCKE
P.O. Box 1247
Rhinelander, WI  54501-1247

Frederic S. Fox
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022

Michael R. Gladman
JONES DAY
P.O. Box 165017, Suite 600
Columbus, OH  43216-5017

William W. Graham
GRAHAM & ERVANIAN, P.C.
604 Locust Street, Suite 630
Des Moines, IA  50309

Donald R. Hall
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY  10022

Nancy M. Juda
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
1100 Connecticut Avenue, NW, Suite 730
Washington, DC  20036
Email: nancyj@lerachlaw.com

James P. Karen
JONES DAY
2727 North Harwood Street
Dallas, TX  75201

Gerald E. Martin
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN  37201

Michael G. McLellan
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street NW
Washington, DC  20007
Email: mgm@ftllaw.com

Dennis E. Murray, Jr.
MURRAY & MURRAY CO., LPA
111 East Shoreline Drive
P.O. Box 19
Sandusky, OH  44871-0019

Scott E. Poynter
EMERSON POYNTER, LLP
2228 Cottondale Lane, Suite 100
Little Rock, AR  72202

John G. Richards
DAVIS, BUCCO, ESQS.
10 East 6th Avenue, Suite 100
Conshohocken, PA  19428

James F. Rittinger
SATTERLEE, STEPHENS, BURKE & BURKE
230 Park Avenue, Suite 1130
New York, NY  10169-0079

Adam T. Savett
Steven A. Skalet
MEHRI & SKALET, P.L.L.C.
1250 Connecticut Avenue, NW, Suite 300
Washington, DC  20036
Email: asavett@findjustice.com
Email: sskalet@findjustice.com

Katherine Stadler
LA FOLLETE, GODFREY & KAHN
P.O. Box 2719
Madison, WI  53701-2719

Joseph Tacopina
ARTHUR L. AIDALA & ASSOCIATES, P.C.
597 Fifth Avenue
New York, NY  10017

Thomas H. Walton
NYEMASTER, GOODE, VOIGTS, WEST, HANSELL, ET AL.
700 Walnut Street, Suite 1600
Des Moines, IA  50309

Francis Joseph Warin
William M. Jay
Matthew Dempsey McGill
GIBSON, DUNN & CRUTCHER, L.L.P.
1050 Connecticut Avenue, NW
Washington, DC  20036
Email: fwarin@gibsondunn.com
Email: wjay@gibsondunn.com