**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION | Misc. Action No. 06-355 (JDB); MDL Docket No. 1772 |
| This Document Relates To: ALL CASES | |

**JOINT MEET-AND-CONFER STATEMENT**

Pursuant to this Court's Initial Practice and Procedure Order dated August 10, 2006 (the "Order"), the parties have met and conferred regarding the matters likely to be addressed at the Initial Scheduling and Case Management Conference. The parties respectfully submit this report detailing their agreement on certain scheduling and case management matters and their respective positions on the remaining such matters.

**I.      Case Management Issues**

A threshold issue in this litigation, likely to be raised and potentially resolved on a Rule 12 motion, is the question whether one or more defendants are absolutely immune from these lawsuits because of NASD's status as a self-regulatory organization under the federal securities laws. The resolution of that issue will not only determine whether any of these cases may proceed against any of these defendants, but also significantly affect the future management of this litigation. Accordingly, as set out below, the parties have jointly agreed that resolution of certain case-management issues should be deferred until after the defendants file and the Court rules on the anticipated motions to dismiss.

The parties' positions on the issues likely to be addressed at the Initial Scheduling and Case Management Conference are as follows:

**A.      Settlement and Alternative Dispute Resolution
         (Order ¶ 18(a)-(b))**

The parties have discussed the possibility of pursuing settlement through mediation or other alternative dispute resolution (ADR). The parties have agreed that "the point during the litigation when ADR would be most appropriate," Order ¶ 18(b)(iii), would come after the resolution of the absolute-immunity question and other issues raised by motions to dismiss. The parties have further agreed that they are willing to be guided by the Court in determining what form of ADR would be most appropriate and what officer should conduct it.

### B. Rule 23 Proceedings
### (Order ¶ 18(c))

The parties have discussed the question whether the Court should designate interim counsel to act on behalf of the putative class. The plaintiffs agree in principle that the appointment of an organizational structure for the plaintiffs' side of the case would likely be beneficial. *See Manual for Complex Litigation 4th* § 10.221. The plaintiffs will at the Initial Scheduling and Case Management Conference suggest to the Court their proposal(s) for a leadership structure. The defendants therefore take no position on this matter at this time.

The parties otherwise agree that appropriate procedures for dealing with Rule 23 issues should be determined following a ruling on the absolute-immunity question and the other issues likely to be raised by motions to dismiss.

### C. Consolidated Complaint
### (Order ¶ 18(d))

The plaintiffs shall file a single consolidated complaint. The parties have agreed that the Court should establish a cutoff date for the filing of any consolidated complaint, and respectfully suggest October 31, 2006, approximately six weeks following the Initial Scheduling and Case Management Conference, to allow the plaintiffs' leadership structure, as appointed by the Court, to confer concerning the causes of action to pursue and defendants to name in such a consolidated complaint.

### D. Responsive Pleadings and Rule 12 Motions
### (Order ¶ 18(e))

The defendants intend to file Rule 12 motions, although the issues to be raised therein will depend in part on whether the plaintiffs reach agreement on a consolidated complaint and what causes of action are pursued therein. The parties jointly suggest the following schedule:

1. That the defendants have until December 15, 2006, which is 45 days after the due date for any consolidated complaint, to respond or file Rule 12 motions;

2. That the plaintiffs have a similar time, until February 2, 2007, to respond to Rule 12 motions;

3. That the defendants have until February 23, 2007, to reply to any response; and

4. That oral argument on any Rule 12 motions, should the Court deem it desirable, occur in early March 2007.

In section G, below, the parties note one possible modification to this schedule.

### E. Narrowing the Issues
### (Order ¶ 18(f))

The parties have discussed whether the factual or legal issues can be agreed upon or narrowed. The parties agree that the threshold issue of immunity is logically antecedent to many other issues in the case. The parties also agree that the plaintiffs may be able to narrow the issues if they are able to agree on a consolidated complaint, and if so, that the defendants accordingly may be able to narrow the focus of their response as well. Until the consolidated complaint is filed, however, the parties are not able to speculate on which issues may be abandoned or resolved by agreement.

### F. Initial Disclosures
### (Order ¶ 18(g))

The parties have not reached agreement concerning whether initial disclosures should be required or whether changes should be made in the scope, form or timing of initial disclosures. This Court's Order tolled the time for making initial disclosures. Order ¶ 10.

The defendants submit that the Court should continue to toll that time, because their Rule 12 motion, which will test the legal adequacy of plaintiffs' claims, should be resolved before the defendants are required to engage in discovery, including initial disclosures. This is particularly true in light of the defendants' intent to rely upon the absolute-immunity defense. The defendants note that it is well established that absolute immunity confers "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery,'" of which initial disclosures are a part. *Behrens v. Pelletier*, 516 U.S. 299, 308 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (emphasis in *Behrens*); *see id.* at 306 (describing immunity as "'an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal [immunity] question'" (quoting *Mitchell*, 472 U.S. at 526) (alteration in original)); *see also, e.g.*, *Medhekar v. U.S. District Court*, 99 F.3d 325, 327-28 (9th Cir. 1996) (per curiam) (explaining why a stay of discovery should apply to initial disclosures as well).

The plaintiffs submit that the Court should require all parties to submit initial disclosures within 20 days of the date of the Initial Scheduling and Case Management Conference.

### G. Discovery
### (Order ¶ 18(h)-(j))

This Court's Order stayed discovery until the Court determined otherwise. Order ¶ 10. Although, as stated in the preceding paragraph, the parties disagree concerning the extent to which the pendency of the absolute-immunity issue justifies continuing that stay, the parties have conferred and reached agreement on a procedural solution that may eliminate the need for the Court to resolve this dispute at this early stage.

The defendants expect to assert legal defenses, including the absolute-immunity defense, which they submit should be resolved before discovery is permitted. The plaintiffs expect to take the position that they require discovery in order to respond fully to the defendants' assertions contained in their respective motions. Accordingly, without receding from these

3

positions, the parties jointly propose that the Court continue the stay of discovery for the time being, but schedule a status conference for (approximately) the third week of January 2007, at a date and time of the Court's choosing, by which time the defendants' Rule 12 motions will be on file and the plaintiffs will have had an opportunity to determine whether they require discovery in order to respond to those motions.  If the plaintiffs determine that they can respond to the Rule 12 motions without discovery, they can so notify the Court well in advance, and the status conference can be cancelled.  If not, the status conference can proceed, and the defendants can make objections to the plaintiffs' request, if appropriate.  The parties propose that ten business days before the date of the conference, the plaintiffs either notify the Court that no conference is needed, or submit to the Court their statement of what discovery they seek to pursue and what changes to the briefing schedule on the Rule 12 motions would be needed if the Court permits discovery.  The defendants, if they do not agree, would then respond at least five business days before the date of the conference.

In light of the parties' agreement to defer their dispute over discovery until the January 2007 scheduling conference, the parties jointly submit that the Court need not at this point determine the extent, bifurcation, or timetable of discovery, including expert discovery.  If the Court does not order discovery at the January 2007 scheduling conference, but ultimately rejects the immunity defense, the parties would at that time confer again regarding these matters and submit a joint discovery plan to the Court.

### H.  Dispositive Motions
### (Order ¶ 18(k))

Because the parties have agreed that the Court should set a schedule for Rule 23 proceedings and discovery following its resolution of the immunity defense and the other issues raised in Rule 12 motions, the parties have also agreed that the Court should set a schedule for dispositive motions at that time.

### I.  Additional Matters
### (Order ¶ 18(*l*))

The Court's Order has already addressed a number of administrative issues arising from the consolidation of numerous actions.  The parties submit that the Court may wish to take the additional step of specifying that this Court's rulings on common issues shall be deemed to have been made in all cases pending in or hereafter transferred or removed to this Court under this Master Docket.  *See Manual for Complex Litigation 4th* § 20.132, at 222-23.

### J.  Telephone Conferencing Service
### (Order ¶ 18(n))

At least one out-of-town attorney intends to participate in the Initial Scheduling and Case Management Conference telephonically.  The parties will make the appropriate arrangements and notify chambers of the dial-in number not later than Thursday, September 14, pursuant to Order ¶ 17.

**II.     Corporate Disclosure**

Pursuant to Order ¶ 18, the defendants submit the following corporate-disclosure information:

Defendant NASD has no outstanding securities in the hands of the public and has no parent, subsidiary, or affiliate entities that have outstanding securities in the hands of the public.

Defendant EDS is a publicly traded corporation and has no parent company.

Defendant The Thomson Corporation (named in one complaint) is a publicly traded corporation and has no parent company. Three complaints name "Thomson Prometric, Inc." as a defendant; although there is no corporate entity with that name, "Thomson Prometric" is a trade name used by a business unit of Thomson Learning, Inc., which has no outstanding securities in the hands of the public and is an indirect subsidiary of The Thomson Corporation.

Respectfully submitted this 13th day of September, 2006.

| For the Plaintiffs: | For the Defendants: |
|---|---|
| _____/s/_____ | _____/s/_____ |
| John Balestriere | F. Joseph Warin |
| BALESTRIERE PLLC | William M. Jay |
| 225 Broadway, Suite 2700 | GIBSON, DUNN & CRUTCHER LLP |
| New York, NY 10007 | 1050 Connecticut Avenue, N.W. |
| (212) 374-5400 | Washington, DC 20036 |
| | (202) 955-8500 |
| Steven N. Berk | James P. Karen |
| CUNEO, GILBERT & LaDUCA, LLP | Joshua S. Roseman |
| 507 C Street, N.E. | JONES DAY |
| Washington, DC 20002 | 2727 North Harwood Street |
| (202) 789-3960 | Dallas, TX 75201-1515 |
| | (214) 220-3939 |
| Jayson Blake | |
| THE MILLER LAW FIRM, P.C. | James F. Rittinger |
| The Miller Building | SATTERLEE, STEPHENS, BURKE & BURKE |
| 950 West University Drive, Suite 300 | 230 Park Avenue, Suite 1130 |
| Rochester, MI 48307 | New York, NY 10169-0079 |
| (248) 841-2200 | (212) 818-9200 |
| Frederic S. Fox | |
| KAPLAN FOX & KILSHEIMER LLP | |
| 805 Third Avenue | |
| New York, NY 10022 | |
| (212) 687-1980 | |

William W. Graham
GRAHAM & ERVANIAN, P.C.
604 Locust Street, Suite 630
Des Moines, IA 50309
(515) 244-9400

Jason L. Horton
CRISP, BOYD, POFF & BURGESS
2301 Moores Lane
Texarkana, TX  75505
(903) 838-6123

Gerald E. Martin
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN  37201
(615) 244-2202

Herbert E. Milstein
COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
(202) 408-4600

Scott E. Poynter
EMERSON POYNTER LLP
The Museum Center
500 President Clinton Ave., Suite 305
Little Rock, AR  72201
(501) 907-2555

John G. Richards
DAVIS, BUCCO & ARDIZZI
10 East 6th Avenue, Suite 100
Conshohocken, PA 19428
(610) 238-0880

Robert M. Rothman
LERACH COUGHLIN STOIA GELLER
   RUDMAN ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
(631) 367-7100

Sherrie R. Savett
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(800) 424-6690

Steven A. Schwartz
CHIMICLES & TIKELLIS, LLP
One Haverford Centre
Haverford, PA  19041
(610) 642-8500

Joseph Tacopina
Of Counsel
ARTHUR L. AIDALA & ASSOCIATES, P.C.
597 Fifth Avenue
New York, NY  10017
(212) 486-0011

Richard M. Volin
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington, DC  20007
 (202) 337-8000

Stephen A. Weiss
SEEGER WEISS LLP
1 William Street
New York, NY  10005-2502
(212) 584-0700

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, I caused true and correct copies of the Joint Report of the Parties and the accompanying Proposed Case Management Order to be served through this Court's CM/ECF system on all counsel registered with that system, and on the following counsel by facsimile and U.S. mail, first class postage prepaid:

John Balestriere
BALESTRIERE PLLC
225 Broadway, Suite 2700
New York, NY  10007
Fax: (212) 208-2613

*Attorney for Andrew Crabbe and Linda Cutler*

Jayson Blake
THE MILLER LAW FIRM, P.C.
The Miller Building
950 West University Drive, Suite 300
Rochester, MI  48307
Fax: (248) 652-2852

*Attorney for Jason Crockett and Maxwell Janis*

Frederic S. Fox
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY  10022
Fax: (212) 687-7714

*Attorney for Alex Ruimerman*

William W. Graham
GRAHAM & ERVANIAN, P.C.
604 Locust Street, Suite 630
Des Moines, IA  50309
Fax: (515) 282-4235

*Attorney for Christopher Wilson*

Jason L. Horton
CRISP, BOYD, POFF & BURGESS
2301 Moores Lane
Texarkana, TX  75505
Fax: (903) 832-8489

*Attorney for Brian Johnson*

Gerald E. Martin
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN  37201
Fax: (615) 252-3798

*Attorney for Jason Plunkett*

Herbert E. Milstein
COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Fax: (202) 408-4699

*Attorney for Gueorgui Ivanov and Atal Varma*

John G. Richards
DAVIS, BUCCO & ARDIZZI
10 East 6th Avenue, Suite 100
Conshohocken, PA  19428
Fax: (610) 238-0244

*Attorney for Mark Russo*

2

| | |
|---|---|
| James F. Rittinger<br>SATTERLEE, STEPHENS, BURKE & BURKE<br>230 Park Avenue, Suite 1130<br>New York, NY  10169-0079<br>Fax: (212) 818-9606<br><br>*Attorney for The Thomson Corporation and Thomson Prometric, Inc.* | Sherrie R. Savett<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Fax: (215) 875-4604<br><br>*Attorney for Jennifer Hester* |
| Steven A. Schwartz<br>CHIMICLES & TIKELLIS, LLP<br>One Haverford Centre<br>Haverford, PA  19041<br>Fax: (610) 649-3633<br><br>*Attorney for Nassim Ketita* | Joseph Tacopina<br>*Of Counsel*<br>ARTHUR L. AIDALA &<br>ASSOCIATES, P.C.<br>597 Fifth Avenue<br>New York, NY 10017<br>Fax: (212) 750-8297<br><br>*Attorney for James Bruen* |

/s/   William M. Jay

William M. Jay