UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION<br><br>This Document Relates To:<br>ALL CASES | Misc. Action No.  06-355 (JDB);<br>MDL Docket No. 1772 |

ORDER

This multidistrict litigation currently consists of nineteen civil actions that share common questions of fact related to alleged errors in the scoring of the Series 7 Broker Qualification Exam.  In its Initial Practice & Procedure Order of August 10, 2006, the Court directed plaintiffs to be prepared to designate no more than three liaison counsel, subject to the approval of the Court, at the September 18, 2006, Initial Scheduling and Case Management Conference ("ISC").  Liaison counsel shall be authorized to represent all parties within their liaison group for purposes of (1) conferring on nondispositive motions and (2) appearing at future conferences and hearings before the Court.  In response to the Initial Practice & Procedure Order, two separate groups of plaintiffs' counsel offered competing liaison-counsel proposals at the ISC.

The first group, referred to in this Order as the "Martin group" because it was represented at the ISC by Gerald E. Martin of the Barrett Johnston & Parsley ("Barrett") law firm, suggests that liaison counsel be comprised of attorneys from the following firms: Barrett; Cuneo, Gilbert & LaDuca, LLP ("Cuneo"); and Berger & Montague, P.C ("Berger").  These three firms in turn

represent a consortium of eight law firms that act as counsel for five lead plaintiffs in this action.

The second group of plaintiffs' counsel, referred to here as the "Milstein group" because it was introduced at the ISC by Herbert Milstein of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen"), proposes that liaison counsel be appointed from the following three firms: Cohen; Chimicles & Tikellis LLP ("Chimicles"); and Seeger Weiss LLP ("Seeger Weiss"). The Milstein group describes itself as a collection of three subgroups that in turn represent the following twelve law firms: Chimicles; Finkelstein, Thompson & Loughran; Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C.; Miller Law Firm P.C.; Cohen; Kaplan Fox & Kilsheimer LLP; Murray & Murray Co., L.P.A.; Schatz & Nobel, P.C.; Seeger Weiss; Mehri & Skalet, PLLC; Cohen & Gresser LLP; and Arthur L. Aidala & Associates, P.C. These firms act as counsel for approximately eight of the lead plaintiffs.

In addition to the Martin and Milstein groups, there are four unaligned law firms representing plaintiffs in this multidistrict litigation. Two of these firms--Emerson Poynter, LLP of Little Rock, Arkansas, and Crisp Boyd Poff Schubert & Burgess of Texarkana, Texas-- expressed their support for the Martin group at the ISC. The other two firms--Graham & Ervanian, P.C., of Des Moines, Iowa, and Davis, Bucco & Ardizzi of Conshohocken, Pennsylvania--have not indicated a preference for either proposed leadership structure.

The lawyers and law firms comprising both the Martin and the Milstein groups are experienced and accomplished in the field of class-action litigation, and certainly could perform the role of liaison counsel. The Martin group has emphasized in its papers and at the ISC that its lawyers were the first to file a complaint involving facts common to this action, see Plunkett v. Nat'l Assoc. of Secs. Dealers, Inc., No. 3:06-cv-89 (M.D. Tenn.) (filed Feb. 2, 2006), were the

first to coordinate a number of similar actions for consolidated filing in this Court, see, e.g., Pls.' Mem. in Supp. Mot. for Consolidation & Case Management at 3-4, 7, Lowe v. Nat'l Ass'n of Secs. Dealers, Inc., No. 1:06-cv-280 (D.D.C. July 14, 2006), and were the only group to argue before the Judicial Panel on Multidistrict Litigation in May 2006 in favor of the transfer of all related actions to this Court, id. at 8. The Milstein group has brought this Court's attention to the fact that its member firms have established, sizeable offices in both Washington, D.C., and New York City, where much of the discovery is likely to take place. Each group, then, would present some advantages as liaison counsel. Both groups emphasize, moreover, that they will have no difficulty working well with each other.

In light of the willingness of all plaintiffs' counsel to work together in a civil and professional manner, this Court sees no reason to select liaison counsel from one of these able groups to the exclusion of the other. Accordingly, it is, this 4th day of October, 2006, hereby

**ORDERED** that the Martin group and the Milstein group consult with each other and designate two (2) attorneys from *each* group to serve as liaison counsel; and it is further

**ORDERED** that plaintiffs shall file a single response to this Order listing the four (4) proposed liaison counsel by not later than October 11, 2006.

**SO ORDERED.**

                                            /s/ John D. Bates
                                            JOHN D. BATES
                                    United States District Judge