IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION | MISC. ACTION NO. 06-355(JDB); MDL DOCKET NO. 1772 |
| THIS DOCUMENT RELATES TO: ALL CASES | |

**PLAINTIFFS' STATEMENT ON THE NECESSITY OF DISCOVERY PRIOR TO RESPONDING TO DEFENDANTS' MOTIONS TO DISMISS**

In its September 19, 2006 Order, this Court instructed Plaintiffs to file "a statement of whether they believe discovery is necessary in order to respond to defendants' Rule 12 motions, and, if discovery is necessary, what discovery they intend to pursue." On December 15, 2006 both Defendants National Association of Securities Dealers, Inc. (NASD) and Electronic Data Systems Corporation (EDS) filed respective Motions to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After careful review of those filings and the supporting affidavit and exhibits, Plaintiffs have in fact determined that limited discovery is necessary to respond to those Motions.

Specifically, Plaintiffs have requested the following documents from Defendants:

(1) Copies, currently in the possession of NASD, of the Form U4s submitted on behalf, or by, each named Plaintiff prior to taking the exams they purportedly "failed."

(2) A complete and unredacted copy of the Service Agreement, including any related amendments, between EDS and NASD that was in place during the Class Period as defined in the Consolidated Complaint.

1

As stated in the Consolidated Complaint at ¶ 13, "In order to take the Series 7 examination, an individual's employer must submit a Form U4." Defendants have both asserted that the Form U4 shields them from liability, and therefore, Plaintiffs have requested the specific Form U4s submitted on their behalf. NASD has agreed to provide the requested Form U4s by January 4, 2007.

Unfortunately, the parties have been unable to reach an agreement on the production of a complete and unredacted copy of the Service Agreement. EDS relied on the Service Agreement in its Motion to Dismiss and filed as an exhibit two paragraphs of the Service Agreement in support of its Motion. Despite this selective use of the document, EDS is unwilling to produce the Service Agreement in its entirety prior to the entry of a Protective Order. The parties have been unable to agree on the terms of a suitable Protective Order.[1]

This Court has broad discretionary powers to fashion a discovery remedy in essentially any manner it deems appropriate. *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 399 (D.C. Cir. 1984) (citing *In re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671, 679 (D.C.Cir. 1981)). A trial court abuses its discretion when its discovery rulings are "unreasonable, arbitrary or fanciful." *Id*. Thus, requiring the production of the entire Service Agreement that EDS has already relied on by selectively disclosing certain provisions, is entirely within this Court's discretion.

## **BACKGROUND**

As this Court is aware, this lawsuit arose when the NASD announced in early 2006 that 1,882 individuals were incorrectly informed that they had failed the Series 7 examination. In the

---

[1] EDS has indicated a willingness within the next few days to propose a less restrictive Protective Order relating only to the Service Agreement. Plaintiffs will, in the interest of judicial economy, attempt to agree to a reasonable order.

Background section of its Memorandum, NASD describes the Series 7 examination of being comprised of 250 multiple choice questions. The NASD also states that:

> The questions vary in difficulty; each question is encoded with three variables to measure its relative difficulty, and the software uses those variables to scale each candidate's score slightly based on the overall difficulty of the 250 questions in the exam he or she received.

NASD's Memorandum Support at p. 6. According to the Consolidated Complaint, the error occurred when an EDS technician, working pursuant to an agreement between NASD and EDS, made a "coding error." Consolidated Complaint, at ¶ 30.

Plaintiffs also asserted in their Consolidated Complaint that they were the intended third party beneficiaries of any agreement between NASD and EDS in which EDS provided information technology services related to the automated scoring function of the Series 7 examination. *Id*., at ¶ 51. EDS has filed two paragraphs of the Service Agreement in support of its argument that Plaintiffs were not in fact third party beneficiaries. Plaintiffs have requested a complete, unredacted version of the Service Agreement. However, EDS is, at this time, unwilling to provide it without the entry of a Protective Order that Plaintiffs believe is overly burdensome and unreasonable.

## **ARGUMENT**

**I.    The redacted version of the Service Agreement submitted by EDS is incomplete and does not allow the Court or Plaintiffs the benefit of an analysis of its four corners.**

EDS submitted only two paragraphs of the actual Service Agreement in an effort to demonstrate that Plaintiffs are not its intended third-party beneficiaries. The limited portion actually provided, even refers back to two other paragraphs that were not provided:

3

  29.13 <u>Third Party Beneficiaries</u>.  Each Party intends that this Agreement shall not benefit, or create any right or cause of action in or on behalf of, any person or entity other than EDS or NASD.  However, the Parties acknowledge and agree that nothing in this Section shall be construed as preventing or limiting, subject to <u>Article 27</u>, (1) NASD's right to recover the NASD Group's damages arising out of or relating to EDS' performance or failure to perform under this Agreement or (2) NASD's right to obtain indemnification of the NASD Group from EDS as provided in <u>Section 26.02</u>.

  29.14 <u>Governing Law</u>.  This Agreement and the rights and obligations of the Parties under this Agreement shall be governed by and construed in accordance with the Laws of the State of New York, without giving effect to the principles thereof relating to the conflicts of Laws.

While it is obvious from what has been provided that the Service Agreement is at least 58 pages long, EDS has submitted only a tiny fraction of the entire contents of the document.

Rule 106 of the Federal Rule of Evidence, often referred to as the "rule of completeness," mandates the introduction of the entire Service Agreement rather than the cherry picked provisions selectively disclosed by EDS.  Rule 106 states "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."  In this instance, the Rules of Evidence plainly require the introduction of the entire Service Agreement.

Moreover, one of the two paragraphs EDS selectively disclosed, cites back to two entirely different paragraphs that were not provided.  Article 29.13 states that "the Parties acknowledge and agree that nothing in this Section shall be construed as preventing or limiting, subject to **Article 27(1)** NASD's right to recover the NASD Group's damages arising out of or relating to EDS's performance or failure to perform under this agreement or (2) NASD's right to obtain indemnification of the NASD Group from EDS as provided in **Section 26.02**." (Emphasis added).  Obviously, indemnification provisions contained in the Service Agreement are highly relevant to Plaintiffs' claim that they are third party beneficiaries.  In any event, Plaintiffs are

4

simply unable to adequately respond to EDS' assertions relating to the Service Agreement without the entire document.

Even though EDS, relying on a New York state appellate decision, states that the "intention to benefit the third party must appear from the four corners of the instrument. *Stainless Steel, Inc. v. Employers Fire Ins. Co.*, 418 NYS2d 76, 80 (NY App. Div. 1979), aff'd, 406 NE2d 490 (NY 1980)", EDS itself has failed to make the four corners of the Service Agreement available to Plaintiffs. Pursuant to a fairly elementary evidentiary analysis, Plaintiffs are entitled to the entire Service Agreement rather than the mere portions EDS has chosen to selectively disclose.

## II. EDS has waived its right to the entry of any Protective Order.

It is well established in this Circuit that a party to a lawsuit may not utilize privileged or confidential information to its benefit but then deny opposing parties access to that information based upon the privilege or proprietary nature of the same information. See *Recycling Solutions v. District of Columbia*, 175 F.R.D. 407, 408 (D.C. 1997). In this instance, EDS is attempting to use the Service Agreement as both a sword and shield. EDS argues that the Service Agreement bars Plaintiffs' claims but then refuses to produce a complete copy of this same document to Plaintiffs.

By relying on the Service Agreement and making selective disclosure, EDS has waived any right to claim the information is proprietary. *Hearn v. Rhay*, 68 F.R.D. 574, 581-82 (E.D. Wash. 1975) (holding that immunity defense waives privilege for information "germane" to that defense). In this instance, the reliance upon the Service Agreement by EDS certainly makes the entire document "germane" to Plaintiffs' response. As a result, EDS has waived any right to argue that the document should be shielded on the basis of its proprietary nature. EDS should be

required to produce the Service Agreement in its entirety without the protection of any Protective Order.

### III. The Protective Order proposed by EDS is overly burdensome and unreasonable.

EDS has presented Plaintiffs with a proposed Protective Order that is overly burdensome and unreasonable even though the only document at issue is the Service Agreement between NASD and EDS. While Plaintiffs may be willing to agree to reasonable provisions to keep any truly proprietary information in this document confidential, Plaintiffs cannot agree to EDS' proposed Protective Order.

## CONCLUSION

For these reasons, Plaintiffs ask this Court to enter an Order compelling EDS to provide them with an unredacted and complete Service Agreement subject to no restrictions.

/s/ Gerald Martin
Gerald Martin, Esq.
Barrett, Johnston & Parsley
217 2nd Avenue, North
Nashville, TN 37201
(615) 244-2202


STEVEN N. BERK, ESQ.
CUNEO, GILBERT & LADUCA
507 C Street, NE
Washington, DC 20002
(202) 789-3960

HERBERT MILSTEIN
COHEN, MILSTEIN,
HAUSFELD & TOLL, PLLC
1100 New York Avenue
Suite 500, West Tower
Washington, DC 20005
(202) 408-4600

STEVEN WEISS
SEEGER WEISS, LLP
One William Street
New York, NY 10004
(212) 584-0700

*Liaison Counsel for Plaintiffs*


*Attorney for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of January, 2007, a copy of the foregoing Plaintiffs' Statement On The Necessity Of Discovery Prior To Responding To Defendants' Motions To Dismiss was served on the following through the court's electronic filing system:

Donald Hall
Kaplan, Fox & Kilsheimer, LLP
805 Third Ave., 22nd Floor
New York, NY 10022

Richard M. Volin
Michael G. McLellan
Finkelstein, Thompson & Loughran
1050 30th Street, NW
Washington, DC 20007

James P. Karen
Joshua S. Roseman
Jones Day
2727 North Harwood Street
Dallas, TX 75201-1515

Joseph Tacopina
*Of-Counsel*
Arthur L. Aidala & Associates, P.C.
597 Fifth Avenue
New York, NY 10017

James F. Rittinger
Satterlee Stephens, Burke & Burke, LLP
230 Park Avenue, 11th Floor
New York, NY 10169

Dennis E. Murray, Jr.
Murray & Murray Co., L.P.A.
111 E. Shoreline Drive
P.O. Box 19
Sandusky, OH 44871-0019

Scott E. Poynter
Emerson Poynter, LLP
2228 Cottondale Lane, Suite 100
Little Rock, AR 72202

F. Joseph Warin
William M. Jay
Jennifer J. Schulp
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036

Michael L. Eckert
Eckert, Kost & Vocke, LLP
P.O. Box 1247
Rhinelander, WI 54501-1247

John Balestriere
Balestriere, PLLC
225 Broadway, Suite 2700
New York, NY 10007

Fredric S. Fox
Kaplan, Fox & Kilsheimer, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022

Jayson E. Blake
The Miller Law Firm, PC
950 W. University Drive, Suite 300
Rochester, MI 48307

James E. Gauch
Jones Day
51 Louisiana Avenue
Washington, DC 20001

Thomas C. McGraw
Gibson, Dunn & Crutcher
2100 McKinney Avenue, Suite 1100
Dallas, TX 74201
Sherrie R. Savett
Berger & Montague
1622 Locust Street
Philadelphia, PA 19103
Steven A. Skalet
Mehri & Skalet, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036-1609

Katherine Sadler
La Follette, Godfrey & Kahn
P.O. Box 2719
Madison, WI 53701-3719

Steven N. Berk
Cuneo, Gilbert & LaDuca, LLP
507 C Street, N.E.
Washington, DC 20002

Nancy M. Juda
Lerach, Coughlin, Stoia, Geller, Rudman &
   Robbins, LLP
1100 Connecticut Avenue, N.W.
Suite 730
Washington, DC 20036

Michael T. Fantini
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA 19103

L. Horton
Crisp, Boyd, Poff, Schubert & Burgess
P.O. Box 6297
2301 Moores Lane
Texarkana, TX 75505-6297

Michael G. McLellan
Finkelstein, Thompson & Loughran
1050 30th Street NW
Washington, DC 20007

Steven A. Schwartz
Chimicles & Tikellis, LLP
361 West Lancaster Avenue
Haverford, PA 19041

 /s/ Gerald E. Martin
Gerald E. Martin
BARRETT, JOHNSTON & PARSLEY