**EXHIBIT 1**
**(PROPOSED) AGREED PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION | § § § § Misc. Action No. 06-355 (JDB) § MDL Docket No. 1772 § § § This Document Relates To: § ALL CASES § |

## AGREED PROTECTIVE ORDER

This Agreed Protective Order is issued to facilitate the disclosure and production of the Amended and Restated Information Technology Services Agreement dated April 1, 2003 ("the Agreement").

In support of this Order, the court finds that:

1. The Agreement may contain confidential proprietary and business information, including but not limited to trade secrets;

2. EDS asserts that public dissemination and disclosure of such confidential information could severely injure or damage it, and producing the Agreement could place it or a third party at a competitive disadvantage;

3. Counsel for the party or parties receiving the Agreement are presently without sufficient information to accept the representation(s) made by EDS as to the confidential, proprietary, and/or trade secret nature of the information; and

4. To protect the respective interests of the party or parties receiving the agreement and of EDS (collectively, "the parties"), and to facilitate the progress of disclosure and production of the Agreement, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

## INFORMATION SUBJECT TO THIS ORDER

1. EDS may designate the Agreement "Attorneys' Eyes Only Information" by affixing to the Agreement the following or similar legend: ATTORNEYS' EYES ONLY INFORMATION – SUBJECT TO PROTECTIVE ORDER.

2. The parties shall not disclose the Agreement to any person except in accordance with the terms of this order.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

3. At any time after the delivery of the Agreement, counsel for the party or parties receiving the Agreement may challenge the confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Agreement. If the parties are unable to agree as to whether the confidential designation of the Agreement is appropriate, the party or parties receiving the Agreement shall have the burden to raise the issue with the Court for resolution. If the party or third party receiving the Agreement fails to raise the issue with the Court for resolution, then the Agreement shall remain subject to confidential treatment as provided in this Order. A finding by the Court that an Attorneys' Eyes Only designation is not warranted shall not preclude EDS from seeking some other level of confidential treatment for the Agreement. Nothing in this paragraph shall be interpreted to change the burden of persuasion otherwise applicable at law.

**PERSONS AUTHORIZED TO RECEIVE ATTORNEYS' EYES ONLY INFORMATION**

4. Notwithstanding any provision in this Protective Order to the contrary, the Agreement which may be marked "Attorneys' Eyes Only Information" and any information contained therein shall not be used or shown, disseminated, copied, or in any way

communicated to anyone for any purpose whatsoever, except as provided for below in paragraph 5.

5. "Attorneys' Eyes Only Information" and any information contained therein shall be disclosed only to those persons designated in paragraphs 5(A-D) below:

   A. Counsel of record in this action for the party receiving "Attorneys' Eyes Only Information" and employees and contractors of such counsel (excluding investigators and experts) assigned to and necessary to assist such counsel in the preparation and trial of this action.

   B. The Court. If the Agreement is filed with the Court, each such document, written discovery response, or transcript of deposition testimony, and any filing that describes the Agreement, shall be filed under seal with the clerk of the Court in an envelope marked "SEALED." The cover page of the filed document shall contain the case caption and shall be marked: "ATTORNEYS' EYES ONLY CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER: This envelope contains documents or things that are the subject of a Protective Order of this Court and cannot be opened or its contents made available to anyone other than the Court, its personnel, and counsel of record for the parties."

   C. Any other person to whom EDS agrees to in writing or on the record in advance of the disclosure.

   D. EDS may disclose its own Attorneys' Eyes Only Information without limitation.

6. To the extent that the Agreement or information contained therein is used at hearings, the Agreement or information contained therein shall remain subject to the provisions of this Order, along with the transcript pages of the hearing testimony referring to the Agreement or information contained therein.

7. At the conclusion of any hearing in which the Agreement is used, the party who used the Agreement shall request in writing that the court reporter or transcriber who reports or transcribes testimony in this matter shall keep the Agreement and information contained therein confidential.

## MISCELLANEOUS PROVISIONS

8. The party or parties receiving the Agreement shall not under any circumstances sell, offer for sale, advertise, or publicize that information.

9. The parties may, by stipulation, provide for exceptions to this order, and any party may seek an order of this Court modifying the Protective Order.

10. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

11. This Protective Order shall remain in full force and effect until the Court signs an order either granting or denying EDS' pending motion to dismiss. If EDS' motion to dismiss is granted, then upon EDS' request, the party or parties receiving the Agreement shall return the Agreement to the counsel for EDS or, at the election of EDS, destroy the Agreement and provide a written certification of such destruction. If EDS' motion to dismiss is denied, then the parties shall negotiate in good faith for a new protective order covering documents to be produced in the litigation after the discovery stay is lifted.

12. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

13. The United States District Court for the District of Columbia is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Attorneys' Eyes Only Information produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Columbia.

So ORDERED AND SIGNED this _____ day of January, 2007.

_____
HONORABLE JOHN BATES
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND SUBSTANCE:

_____
James P. Karen
Joshua S. Roseman
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Tel: (214) 220-3939
Fax: (214) 969-5100

James E. Gauch
Robert H. Klonoff
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

*Attorneys for Defendant*
*Electronic Data Systems Corporation*


AGREED AS TO FORM AND SUBSTANCE:

_____
Gerald Martin, Esq
Barrett, Johnston & Parsley
217 2nd Avenue, North
Nashville, TN 37201
Tel: (615) 244-2202

*Liaison counsel on behalf of all Plaintiffs*