IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION<br><br>This Document Relates To:<br>ALL CASES | Misc. Action No. 06-355 (JDB);<br>MDL Docket No. 1772 |

**NASD'S OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant National Association of Securities Dealers, Inc. (NASD), hereby submits the following response to the plaintiffs' Motion for Leave to File Sur-Reply, docketed March 28, 2007 (more than three weeks after Defendants filed their replies).

The plaintiffs' motion should be denied, because it presents no grounds for departing from the normal, agreed-upon briefing schedule.

1. The plaintiffs are flatly incorrect when they assert that a sur-reply is warranted to respond to "new cases and arguments" in NASD's reply brief. Of the cases they identify as "new," one is specifically cited in NASD's *opening* brief, and the plaintiffs did not address it in their response. NASD Br. 20 (citing *Sindram v. Suda*, 986 F.2d 1459 (D.C. Cir. 1993)). And a pair of supposedly "new" cases rejecting the discretionary/ministerial distinction, *New Eng. Cleaning Serv. v. Am. Arbitration Ass'n*, 199 F.3d 542 (1st Cir. 1999), and *Olson v. NASD*, 85 F.3d 381 (8th Cir. 1996), expressly follow the holding of *Austern v. Chi. Bd. Options Exch.*, 898 F.2d 882 (2d Cir. 1990), which is cited twice in NASD's opening brief for the same proposition that the plaintiffs now suggest is a "new matter" raised on reply. *See* NASD Br. 11, 20 (citing *Austern*'s rejection of the notion that SROs' immunity for sponsoring securities arbitrations turns

1

on a "semantic[]" distinction between "'ministerial' or administrative" and "'discretionary'" acts). The plaintiffs did not address *Austern* in their response either. "That [a party] failed to put forth its best case in its opposition is not grounds for permitting a surreply." *United States v. Baroid Corp.*, 346 F. Supp. 2d 138, 143 (D.D.C. 2004).

    2. Even if the reply brief contained a few new citations, a reply brief's defense of the same propositions raised in the opening brief does not entitle the plaintiff's to a sur-reply. Under well-established precedent, leave to file a sur-reply is appropriate only when necessary "to address new matters raised in a reply, to which a party would otherwise be unable to respond." *Baroid Corp.*, 346 F. Supp. 2d at 143. NASD's reply brief did not raise new matters; it simply offered a point-by-point refutation of the arguments asserted in the plaintiffs' opposition brief, including the plaintiffs' argument that they could defeat immunity by alleging that NASD's act was simply "ministerial." NASD Reply Br 3-9.

    Because the plaintiffs do not, and cannot, argue that immunity is a new matter, they argue instead that "Defendants' positions on immunity have been altered and clarified," and that a sur-reply would allow them "to respond to Defendants' new spin on their positions." Pls' Mot. 2. The desire to respond to "new spin" on a party's previously asserted position does not warrant a last-minute sur-reply. *See Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (denying motion for leave where sur-reply involved only an alleged mischaracterization of plaintiffs' position and failed to address any new matters presented by defendants' reply). This is particularly true here, because the plaintiffs admit that defendants have not made any misrepresentations of law or fact (Pls.' Mot. 2); the parties long ago agreed to the three-brief schedule and the deadlines ordered by the Court; and the plaintiffs do not seek to rely upon any new authority that was unavailable when they filed their opposition brief. Departing from the

"normal chain of briefing" and permitting the plaintiffs a sur-reply would "subject[] the case to needless delay."  *Canady v. Erbe Electromedizin GmbH*, 307 F. Supp. 2d 2, 11 (D.D.C. 2004).

      3.  The plaintiffs' motion also does not correspond to the sur-reply they propose to file.  According to the motion, a sur-reply is necessary to respond to the "additional cases" that NASD and EDS cited "to argue that the distinction between ministerial and discretionary activities is irrelevant in the context of whether the NASD is entitled to immunity."  Pls.' Mot. 2.  But the proposed sur-reply does not even address the "ministerial"/"discretionary" distinction until page 6 (of 7).  The vast bulk of the proposed brief constructs an entirely new theory of absolute immunity, predicated on a "closer reading" of *Austin Mun. Sec. v. NASD*, 757 F.2d 676 (5th Cir. 1985).  Pls.' Proposed Sur-Reply 2.  *Austin,* of course, was discussed in NASD's opening brief, and in the plaintiffs' response.  That the plaintiffs are only now engaging in a "closer reading" of the case does not warrant burdening the Court with additional briefing—or compelling NASD to seek leave to reply to this new argument on its merits.  (If the Court grants the plaintiffs leave to file a sur-reply, NASD would seek leave to file a response.)

Dated:  March 29, 2007

Respectfully submitted,

By: /s/  William M. Jay

| | |
|---|---|
| OF COUNSEL: | F. Joseph Warin, D.C. Bar No. 235978 |
| John J. Flood, D.C. Bar No. 269837 | William M. Jay, D.C. Bar No. 480185 |
| NATIONAL ASSOCIATION OF | Jennifer J. Schulp, D.C. Bar No. 497742 |
| SECURITIES DEALERS, INC. | John C. Snyder, D.C. Bar No. 500162 |
| 1735 K Street, N.W. | GIBSON, DUNN & CRUTCHER LLP |
| Washington, D.C.  20036 | 1050 Connecticut Avenue, N.W. |
| | Washington, D.C.  20036 |
| | Telephone: (202) 955-8500 |

*Attorneys for Defendant*
*National Association of Securities Dealers, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March, 2007, I caused NASD's Opposition to Plaintiffs' Motion For Leave to File Sur-Reply to be served on all parties required to be served by the means listed below:

> All parties whose counsel are registered with the Court's CM/ECF system were served electronically.
>
> The following parties were served by mailing one copy of the document by U.S. mail, first class postage prepaid, to their counsel at the addresses listed:

| | |
|---|---|
| John Balestriere<br>BALESTRIERE PLLC<br>225 Broadway, Suite 2700<br>New York, NY  10007<br><br>*Attorney for Andrew Crabbe and Linda Cutler* | William W. Graham<br>GRAHAM & ERVANIAN, P.C.<br>604 Locust Street, Suite 630<br>Des Moines, IA  50309<br><br>*Attorney for Christopher Wilson* |
| Joseph Tacopina<br>*Of Counsel*<br>ARTHUR L. AIDALA & ASSOCIATES, P.C.<br>597 Fifth Avenue<br>New York, NY  10017<br><br>*Attorney for James Bruen* | Jeffrey S. Nobel<br>SCHATZ NOBEL IZARD, P.C.<br>20 Church Street, Suite 1700<br>Hartford, CT  06103<br><br>*Attorney for Alex Ruimerman* |

/s/ William M. Jay

William M. Jay