IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | )<br>)<br>)  Case No. 06-MC-00355-JDB<br>)<br>)  MDL No. 1772<br>)<br>)<br>)<br>) |

**EDS' OPPOSITION TO MOTION FOR PERMISSION
TO FILE SUR-REPLY BRIEF**

While defendant Electronic Data Systems Corporation ("EDS") could envision limited circumstances under which a party would be justified in submitting a sur-reply to a motion to dismiss, those circumstances are not present here. Accordingly, EDS objects to plaintiffs' request to file a sur-reply. Defendants' reply briefs do not contain a "new spin on their positions." (Motion for Permission, p. 2) Likewise, defendants' positions have not been "altered." (Motion for Permission, p. 1) To the contrary, defendants have simply responded to the arguments in plaintiffs' response brief. Plaintiffs' proposed sur-reply does not address any new arguments, but instead merely attempts to rehabilitate the distinction that they already attempted to draw in their opposition brief between ministerial and discretionary activities. In addition, plaintiffs appear in their proposed sur-reply to point out what defendants allegedly did <u>not</u> address in their reply brief. That point, if true, would not require a sur-reply, but would be evident to the Court upon its reading of the briefs or could be mentioned at oral argument.

DLI-6106528v2

There is simply no reason to depart from the existing scheduling order that plaintiffs themselves negotiated, especially three weeks from the hearing. *See Davis v. American Society of Civil Engineers*, 290 F.Supp.2d 116, 121 (D.D.C. 2003) (denying motion for leave to file sur-reply because "the plaintiff has had a fair opportunity to respond"). It is time to prepare for the hearing, not engage in another round of briefing. Nevertheless, if the Court is inclined to grant the motion, EDS respectfully requests an opportunity to respond to the sur-reply, as, of course, it shoulders the burden of persuasion on its motion to dismiss.

Dated: April 2, 2007                                                Respectfully submitted,


        /s/ James P. Karen
James P. Karen
Joshua S. Roseman
JONES DAY
2727 North Harwood Street
Dallas, TX  75201
Telephone:    (214) 220-3939
Facsimile:     (214) 969-5100

James E. Gauch
Robert H. Klonoff
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
Telephone:    (202) 879-3939
Facsimile:     (202) 626-1700


Attorneys for Defendant
Electronic Data Systems Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing instrument this 2nd day of April 2007. The following counsel will also be served by United States Mail.

John Balestriere, Esq.
Balestriere, P.L.L.C.
225 Broadway, Suite 2700
New York, NY  10007

Gerald E. Martin, Esq.
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, TN  37201

John G. Richards
Davis, Bucco & Ardizzi
10 East 6th Avenue, Suite 100
Conshohocken, PA 19428

Joseph Tacopina, Esq.
Arthur L. Aidala & Associates, P.C.
597 Fifth Avenue
New York, NY  10017

Frederic S. Fox, Esq.
Kaplan Fox & Kilsheimer, LLP
805 Third Avenue, 22nd Floor
New York, NY  10022

William W. Graham
Graham & Ervanian, PC
604 Locust Street, Suite 630
Des Moines, IA 50309

James F. Rittinger, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, 11th Floor
New York, NY  10169

/s/ James P. Karen