IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION | MISC. ACTION NO. 06-355(JDB) <br> MDL DOCKET NO. 1772 |
| THIS DOCUMENT RELATES TO: <br> ALL CASES | |

**DEFENDANT ELECTRONIC DATA SYSTEMS CORPORATION'S
RESPONSE TO PLAINTIFFS' SUR-REPLY ON
DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED CLASS ACTION COMPLAINT**

James P. Karen
Joshua S. Roseman
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Tel: (214) 220-3939
Fax: (214) 969-5100

James E. Gauch
Robert H. Klonoff
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

*Attorneys for Defendant
Electronic Data Systems Corporation*

# INTRODUCTION

Defendants' argument that immunity turns on whether the actor was performing a regulatory function is not, as Plaintiffs suggest, "a sleight of hand." To the contrary, Defendants' regulatory immunity position is grounded in a decade of circuit case law (*Sparta Surgical Corp.*; *DL Capital Group*) and express rejections of the "ministerial" versus "discretionary" test that Plaintiffs champion (*Sindram*). Indeed, Plaintiffs' attempt to characterize Defendants' position on immunity as based on mere dicta, newly "altered," or otherwise novel or rogue is simply inaccurate. If there is a novel test for immunity being advocated here, EDS respectfully submits that it is Plaintiffs' theory that is unsupportable, for it would ignore settled precedent on the immunity of NASD and its agents for performance of regulatory functions, as well make entities and individuals liable for ministerial acts encompassed within that protected function. The cases they urge the Court to "follow" (*Austin*, *Zandford*) do not even address immunity for regulatory functions, much less support Plaintiffs' novel approach. Simply put, Defendants' position that actors enjoy immunity for actions taken in furtherance of regulatory functions — ministerial or otherwise — is well supported in the case law as well as sound public policy. Plaintiffs' arguments to the contrary are unavailing.

# ARGUMENT

## I. The Test For Immunity Here Is Whether The Function At Issue Is Regulatory In Nature

Plaintiffs urge that the limits of absolute immunity for NASD and its agents were established twenty years ago in *Austin Municipal Securities, Inc. v. National Association of Securities Dealers, Inc.*, 757 F.2d 676 (5th Cir. 1985), which addressed absolute immunity of certain

investigatory officers of a subordinate disciplinary committee. *Austin* found NASD absolutely immune as the "parent" of the board, *id.* at 692, but did not limit NASD's immunity to this particular context. Indeed, the *Austin* court noted that immunity flows from the fact that "NASD exercises quasi-governmental authority pursuant to a statutory scheme enacted by the national sovereign," and therefore its "actions are more akin to those of the SEC, which has sovereign immunity from damage suits." *Id.* Plaintiffs nevertheless urge that immunity extends no further than the factual setting of *Austin*.

Yet, since *Austin*, two circuits have, as explained in EDS' prior briefs, made clear that immunity extends to acts taken in furtherance of a regulatory function. *See, e.g., DL Capital Group, LLC v. Nasdaq Stock Market, Inc.*, 409 F.3d 93 (2d Cir. 2005); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998). Plaintiffs urge this court to dismiss those holdings as mere "dicta." The case law, however, simply will not allow those circuit opinions to be brushed aside as mere dicta. While noting, as Plaintiffs do (Sur-Reply at 4), that the first case to address the immunity of self-regulatory organizations (SROs) in that circuit, *Barbara v. New York Stock Exchange, Inc.*, 99 F.3d 49 (2d Cir. 1996), addressed the same setting as *Austin*, the Second Circuit explained, as Plaintiffs acknowledge (Sur-Reply at 4), that "*Barbara* stood for the broader proposition that a SRO, such as the NYSE, may be entitled to immunity from suit for conduct falling within the scope of the SRO's regulatory and general oversight functions." *D'Alessio v. N. Y. Stock Exch.*, 258 F.3d 93, 105 (2d Cir. 2001). Since that time, the Second Circuit, which has developed the most comprehensive case law on immunity of self-regulatory organizations under the Securities Exchange Act, has reaffirmed that "*[t]here is no question* that an SRO and its officers are entitled to absolute

immunity when they are, in effect, 'acting under the aegis' of their regulatory duties," *DL Capital Group*, 409 F.3d at 97 (emphasis added), as the "Court has – twice before – effectively held." *Id.* Likewise, the Ninth Circuit has, as Plaintiffs acknowledge (Sur-Reply at 5 (citing *Sparta Surgical, infra*)), held precisely the same thing. *See P'shp Exch. Sec. Co. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 169 F.3d 606, 608 (9th Cir. 1999) (holding that there are "no exceptions: if the action is taken under the aegis of the Exchange Act's delegated authority, the NASD is protected by absolute immunity") (internal quotation marks omitted); *Sparta Surgical Corp.*, 159 F.3d at 1214 (same). Perhaps no case has held "that 'regulatory' duties in the broad sense *are equivalent to* 'adjudicatory' or 'prosecutorial' functions," (Sur-Reply at 5) (emphasis added), but each of these cases held that regulatory duties are protected by absolute immunity.

Plaintiffs acknowledge those cases, dismiss them as "dicta," and instead urge this Court to "follow" *Zandford v. Nat'l Ass'n of Secs. Dealers, Inc.*, 30 F. Supp. 2d 1 (D.D.C. 1998), *aff'd*, 221 F.3d 197 (D.C. Cir. 2000) (per curiam) (unpublished opinion). This argument makes little sense given that *Zandford* did not involve NASD regulatory activity. Rather, as in *Austin,* it addressed the conduct of investigatory officers of NASD's subordinate disciplinary committee and NASD was found absolutely immune purely under a "respondeat superior" theory. *Id.* at 11. *Zandford* therefore did not address the scope of the immunity of self-regulatory organizations and/or their agents when they are acting pursuant to regulatory functions delegated by the SEC under the Exchange Act, much less hold that immunity does not extend to such functions. Accordingly, however Plaintiffs try to slice the facts of the

individual cases, every case to have decided the question supports EDS' argument that regulatory functions are covered by absolute immunity.

## II. Absolute Immunity Turns on the Nature of the Governmental Function, Not Whether A Particular Task is Discretionary or Ministerial

Plaintiffs again in their Sur-Reply (at 6) argue that even if absolute immunity applies to NASD's testing function, it covers only discretionary and not ministerial tasks. The cases cited in EDS' Reply Brief show that argument has no merit. Where courts have distinguished ministerial tasks, they have done so with respect to "ministerial acts *unrelated* to the function immunity is intended to protect," which "are not covered by absolute immunity." *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996) (emphasis added). As this Court can doubtless appreciate, however, "immunity applies to *all acts* . . . that are 'basic and integral part[s] of the judicial function," *Sindram, v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (citation omitted), even if the act in question is a merely ministerial act of a judge or staff in furtherance of that function. *Id. See also Turner v. Barry*, 856 F.2d 1539, 1540-41 (D.C. Cir. 1988) (holding that probation officer was absolutely immune from suit based on inaccuracies in presentence report because the report was "an integral part of the judicial function of sentencing"). While Plaintiffs take EDS to task for citing cases that "took place squarely within a judicial (or arbitral) or prosecutorial context" (Sur-Reply at 6), they suggest no reason why a different rule would apply to immunity for regulatory functions. Nor do they cite any authority to contradict the established rule that when regulatory immunity is at issue, ministerial acts in furtherance of that regulatory function are protected by absolute immunity. *See Dexter v. Depository Trust & Clearing Corp.*, 406 F. Supp. 2d 260 (S.D.N.Y. 2005), *aff'd* No.

06-0123, 2007 WL 689542 (2d Cir. Mar. 6, 2007) (holding that clearinghouse and its nominee had absolute immunity for making an electronic funds transfer) (summary order).

### III. EDS Has Not Conceded The Validity Of Plaintiffs' Position

Plaintiffs make the untenable argument that because EDS declined to buy into their mischaracterization of EDS' defense as a variant on a "government contractor" defense, EDS thereby "conced[ed] the correctness of this position." Sur-Reply Br. at 7. EDS' Reply Brief speaks for itself. It demonstrates that, separate and apart from any such "government contractor" defense, numerous courts have held that private contractors are accorded absolute immunity where they perform an important governmental function that itself enjoys such immunity. (Reply Brief at 7-8 (citing *Murray v. Northrop Grumman Info. Tech., Inc.*, 444 F.3d 169 (2d Cir. 2006); *Mangold v. Analytic Servs., Inc.*, 77 F.3d 1442 (4th Cir. 1996))). *See also Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998). Those cases, which mentioning the government contractor defense as *analogous* support (*Murray*, 444 F.3d at 175; *Pani*, 152 F.3d at 73; *Mangold*, 77 F.3d at 1448), did not apply its requirements to the issue of immunity, but only asked whether the "[private contractor] is carrying out a governmental function such that the doctrine of official immunity should apply." *Murray*, 444 F.3d at 174. Because EDS is performing tasks in furtherance of NASD's regulatory function, which is protected by absolute immunity, EDS is also immune.

### CONCLUSION

For the foregoing reasons and those stated in EDS' opening brief and reply brief, EDS requests that this Court grant EDS' Motion to Dismiss.

Dated: April 9, 2007                              Respectfully submitted,


       /s/ James P. Karen
James P. Karen
Joshua S. Roseman
JONES DAY
2727 North Harwood Street
Dallas, TX  75201
Telephone:    (214) 220-3939
Facsimile:     (214) 969-5100

James E. Gauch
Robert H. Klonoff
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
Telephone:    (202) 879-3939
Facsimile:     (202) 626-1700


Attorneys for Defendant
Electronic Data Systems Corporation

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing instrument this 9th day of April 2007. The following counsel will also be served by United States Mail.

John Balestriere, Esq.
Balestriere, P.L.L.C.
225 Broadway, Suite 2700
New York, NY 10007

Gerald E. Martin, Esq.
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, TN 37201

John G. Richards
Davis, Bucco & Ardizzi
10 East 6th Avenue, Suite 100
Conshohocken, PA 19428

Joseph Tacopina, Esq.
Arthur L. Aidala & Associates, P.C.
597 Fifth Avenue
New York, NY 10017

Frederic S. Fox, Esq.
Kaplan Fox & Kilsheimer, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022

William W. Graham
Graham & Ervanian, PC
604 Locust Street, Suite 630
Des Moines, IA 50309

James F. Rittinger, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, 11th Floor
New York, NY 10169

                                                /s/ James P. Karen