IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION | MISC. ACTION NO. 06-355(JDB) MDL DOCKET NO. 1772 |

THIS DOCUMENT RELATES TO:
ALL CASES

## EDS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO APRIL 25, 2007 ORDER

During the April 25, 2007 hearing on NASD's and EDS' motions to dismiss, the Court inquired whether the SEC would be immune from Plaintiffs' claims had the SEC alone carried out the alleged acts forming the basis of the Consolidated Complaint. The Court subsequently requested a supplemental memorandum on that issue. EDS respectfully submits that the SEC would be immune from Plaintiffs' claims under the hypothetical circumstances raised by the Court.

The SEC is an agency of the United States Government and, as such, it may not be sued unless the United States expressly waives immunity. *See El-Shifa Pharm. Indus. Co. v. United States*, 402 F. Supp. 2d 267, 272 (D.D.C. 2005). Two potentially applicable statutes theoretically operate to waive the SEC's immunity: (1) the Federal Tort Claims Act (FTCA), which waives sovereign immunity for certain tort claims, and (2) the Tucker Act, which waives sovereign immunity for certain contract claims. *See* 28 U.S.C. 1346(b)(1) (FTCA); *id.* § 1491(a)(1) (Tucker Act). The facts and circumstances here, however, would not trigger subject matter jurisdiction over a claim against the SEC under either statute. Specifically:

- The SEC would be immune from Plaintiffs' hypothetical negligence claim under the "discretionary function exception" to the FTCA because the actions Plaintiffs challenge involve discretionary decisions routinely immunized from liability.

- The FTCA expressly provides that there is no waiver of immunity for misrepresentation claims, thus barring Plaintiffs' hypothetical negligent misrepresentation claim against the SEC.

- If Defendants had hypothetically contracted with the SEC instead of with each other, the Tucker Act would not apply to Plaintiffs' hypothetical contract claim because Plaintiffs could not show that they were third-party beneficiaries of the contract.

In short, the answer to the hypothetical posed in the Court's April 25, 2007 Order provides further support for why NASD and EDS are immune from Plaintiffs' lawsuit.

## I. A Hypothetical Negligence Claim Against The SEC Would Be Barred By 28 U.S.C. § 2680(a).

The FTCA provides a limited waiver of sovereign immunity for negligence claims against the United States for injury or loss of property, personal injury or death. *See* 28 U.S.C. § 1346(b)(1). The FTCA, however, includes an exception to the waiver of sovereign immunity for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function." *Id.* § 2680(a). The discretionary function exception to the FTCA applies if: (1) there is no federal statute, regulation, or policy that specifically prescribes a course of action for the actor to follow, thus leaving the government actor with no "element of judgment or choice;" and (2) if the challenged action "is of the kind that the discretionary function exception was designed to shield" from judicial second-guessing, namely, government actions and decisions based on public-policy considerations. *Macharia v. United States*, 334 F.3d 61, 65 (D.C. Cir. 2003) (quoting *United States v. Gaubert*, 499 U.S. 315 (1991)).

If this suit had been brought against the SEC as posed in the Court's hypothetical, the discretionary function exception would bar Plaintiffs' negligence claim. <u>First</u>, there are no specific statutes or regulations that would govern the SEC's challenged actions under the Court's hypothetical. *See, e.g., Gaubert*, 499 U.S. at 330 (concluding supervisory actions of government involved element of choice where "no statutory or regulatory mandate … compelled the regulators to act in a particular way"). <u>Second</u>, under the Court's hypothetical, the SEC's challenged actions would involve policy considerations that the discretionary function exception was designed to shield.

Specifically, in determining the applicability of the discretionary function exception, the Court "must review the complaint to determine what actions allegedly caused the injuries." *Shuler v. United States*, 448 F. Supp. 2d 13, 18 (D.D.C. 2006) (internal quotation marks omitted); *see also Sloan v. U.S. Dep't of Hous.& Urban Dev.*, 236 F.3d 756, 762 (D.C. Cir. 2001); *Macharia*, 334 F.3d at 66. Here, the negligent acts alleged against NASD are contained in paragraph 31 of the Consolidated Complaint wherein Plaintiffs allege that: (1) NASD failed to perform any supervision of EDS with respect to the coding of software; (2) NASD failed to perform any supervision of EDS regarding whether EDS has the capability or in fact utilized any capability to cross-check and verify the weighting coding; and (3) NASD failed to take any steps to perform its own cross-check (or insist that EDS institute a quality control mechanism) to verify the weighting coding. *See* Consol. Compl. ¶ 31; *see also* Pls' Opp. at 6.

Had Plaintiffs asserted these claims against the SEC instead of NASD, the SEC would be immune because these are precisely the type of discretionary decisions that courts

shield from a litigant's second guessing.  *See, e.g., Daisley v. Riggs Bank, N.A.*, 372 F. Supp. 2d 61, 82 (D.D.C. 2005) ("In this circuit, federal government hiring and employee supervision decisions are generally held to 'involve the exercise of political, social, or economic judgment, and therefore, to fall within the scope of the United States' sovereign immunity.'") (citation and brackets omitted); *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1217 (D.C. Cir. 1997) (finding immunity from decisions concerning the hiring, training, and supervision of employees because such decisions "require consideration of numerous factors," including budgetary constraints, public perception, and economic conditions); *Guile v. United States*, 422 F.3d 221, 231 (5th Cir. 2005) ("Supervision of a contractor's work, including the degree of oversight to exercise, is inherently a discretionary function."); *Andrews v. United States*, 121 F.3d 1430, 1441 (11th Cir. 1997) ("[C]ourts have recognized that decisions regarding the exercise of supervisory authority [over contractors] are of the sort the discretionary function exception was designed to encompass.").  Moreover, the courts have held that discretionary decisions that, like here, are grounded in a regulatory and licensing regime are generally entitled to immunity.  *See, e.g., Jet Indus. Inc. v. United States*, 603 F.Supp. 643, 645 (W.D. Tex. 1984) ("[I]t is well settled that SEC regulatory and police activities are discretionary functions under the FTCA."); *see also Sloan*, 236 F.3d at 761 (HUD decision to suspend plaintiffs from government contract work is "grounded in the policy of the regulatory regime [and thus] protected by the discretionary function exception.") (internal quotation marks omitted).

Plaintiffs attempt to narrowly define the challenged conduct as a "mere computer glitch" (Pls' Opp. at 2); a "mechanical act" (*id.* at 14); a "simple inputting error" (*id.* at 15); and a "clerical mistake" (*id.* at 17).  Plaintiffs' characterization of the challenged actions in

this manner is a very common tactic by plaintiffs in FTCA cases, and one that the courts consistently reject. *See, e.g., Gaubert*, 499 U.S. at 331 (rejecting plaintiff's attempt, like here, to characterize the discretionary agency actions as a "mere application of technical skills"); *El-Shifa*, 402 F. Supp. 2d at 272 ("Plaintiffs' characterization of this action as a challenge to the soil testing results rather than to the President's actions cannot remove this case from resting within an FTCA exception that otherwise applies."). Indeed, the courts do not merely test whether the challenged act can be distilled by artful pleading to a level that can be regarded as ministerial, but undertake a functional analysis that looks to the challenged action in the context of the agency's statutory duties and the policy interests that immunity from suit is meant to protect. *Cf. Sloan*, 236 F.3d at 761-62 (concluding that actions taken in course of HUD audit were immune under discretionary function exception because "the challenged investigation [was] inextricably tied to the discretionary, quasi-prosecutorial decision to suspend plaintiffs from governmental contracting"). Therefore, Plaintiffs' characterization of the challenged act here as a purely ministerial error is unavailing.

In all events, the fact that the SEC would be immune under FTCA precedents, just as EDS and NASD would be immune under the SRO regulatory immunity precedents, is not surprising because these immunity tests are not inconsistent.[1] Under the first prong of the FTCA discretionary function test, a government entity such as the SEC may retain its sovereign immunity if its actions are not tightly circumscribed by specific statutory provisions or regulations. *See Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 542-43

---

[1] To be sure, SRO regulatory immunity is separate and independent from sovereign immunity under the FTCA and necessarily arises in unique circumstances.

(1988) (finding that discretionary function exception did not apply to National Institute of Health's licensing decisions which were not performed in accordance with "specific statutory and regulatory directives"). This prong would likewise regularly be satisfied in cases involving an SRO precisely because SROs generally do not follow specific statutory guidelines, but rather enjoy substantial flexibility and discretion in how they perform regulatory functions. *See e.g., DL Capital Group, LLC v. Nasdaq Stock Market, Inc.*, 409 F.3d 93, 95 (2d Cir. 2005) ("SROs effectively 'stand in the shoes of the SEC' because they perform regulatory functions that would otherwise be performed by the SEC."); *Austin Mun. Sec., Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 757 F.2d 676, 681 (5th Cir. 1985) ("The self-regulatory power of the NASD is broad.") (internal quotation marks omitted).

Similarly, the primary focus in lawsuits against an SRO is whether the SRO's challenged discretionary actions were in furtherance of its regulatory function. And that inquiry is substantially similar to the second prong of the FTCA discretionary function exception, which asks whether the challenged action is one that should be shielded from judicial second-guessing. *See Gaubert*, 499 U.S. at 324 & 325 n.7 (holding that when a government actor is given discretion and exercises that discretion in furtherance of "the purposes that the regulatory regime seeks to accomplish," then "it must be presumed that the agent's acts are grounded in policy").

In sum, a finding by this Court that Defendants are immune from liability to Plaintiffs would neither create a theoretical anomaly where the SEC would not enjoy the same immunity, nor would it require the Court to adopt a test for immunity that is inconsistent with that which already exists in the FTCA context.

## II. A Hypothetical Negligent Misrepresentation Claim Against The SEC Would Be Barred By 28 U.S.C. § 2680(h).

An exception to the FTCA expressly provides that immunity is not waived for claims arising out of alleged misrepresentations. 28 U.S.C. § 2680(h). Accordingly, a plaintiff may not maintain a negligent misrepresentation claim against the United States. *Mittleman v. United States*, 997 F. Supp. 1, 12 n.24 (D.D.C. 1998).

Count IV of Plaintiffs' Consolidated Complaint alleges that "Defendants recklessly or negligently misrepresented to Plaintiffs and Class Members, and their employers that they had failed the Series 7 exam," and that "Plaintiffs and Class Members relied on these misrepresentations." Consol. Compl. ¶¶ 58-61. These are precisely the type of alleged misrepresentations that courts have routinely refused to allow plaintiffs to assert against the United States. *See, e.g., Muniz-Rivera v. United States*, 326 F.3d 8, 13-14 (1st Cir. 2003) (holding U.S. immune from claim that homeowners relied upon government's incorrect information that property was free of defects); *Scanwell Labs., Inc. v. Thomas*, 521 F.2d 941, 947-48 (D.C. Cir. 1970) (dismissing negligent misrepresentation claim under § 2680(h)). Accordingly, Plaintiffs' misrepresentation claim, if brought under the Court's hypothetical against the SEC instead of NASD or EDS, would be barred by sovereign immunity. *See Industria Panificadora, S.A. v. United States*, 763 F. Supp. 1154, 1156 (D.D.C. 1991) ("If a claim falls within any exception to the FTCA, sovereign immunity has not been waived and the court is without jurisdiction to hear the case."), *aff'd*, 957 F.2d 886 (D.C. Cir. 1992).

### III. The Tucker Act Would Not Provide Jurisdiction Over Plaintiffs' Hypothetical Contract Claim Against The SEC.

The Tucker Act provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "In [the Court of Federal Claims] the United States appear[s] simply as [a] contractor; and they are to be held liable only within the same limits that any other defendant would be in any other court." *Horowitz v. United States*, 267 U.S. 458, 461 (1925) (quoting *Jones v. United States*, 1 Ct. Cl. 383, 384 (1865)). In other words, "[w]hen the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals." *Mobil Oil Exploration & Producing S.E., Inc. v. United States*, 530 U.S. 604, 607 (2000) (quoting *United States v. Winstar Corp.*, 518 U.S. 839, 895 (1996)). Therefore, as a threshold matter, whether the contracting party is the SEC, the NASD, or EDS, it does not change the basic contract principles which are dispositive of Plaintiffs' claims in this case.

In all events, under the Tucker Act, a finding of contractual privity between the plaintiff and the Government "is a jurisdictional prerequisite for a contract claim because 'the government consents to be sued only by those with whom it has privity of contract.'" *O. Ahlborg & Sons, Inc. v. United States*, 74 Fed. Cl. 178, 188-89 (2006) (internal quotation marks omitted). A plaintiff may establish the requisite privity of contract with the Government by proving that it is a third-party beneficiary to the Government's contract. *Id.*; *Chancellor Manor v. United States*, 331 F.3d 891, 901 (Fed. Cir. 2003). If a plaintiff fails to show that it contracted with the Government or that it is an intended third-party beneficiary of the

Government's contract, there is simply no waiver of immunity under the Tucker Act. *Chancellor*, 331 F.3d at 900-02.

Plaintiffs allege that they are third-party beneficiaries of the Services Agreement between NASD and EDS.[2] Assuming for the purpose of the Court's hypothetical that EDS or NASD had executed the Services Agreement with the SEC, Plaintiffs would neither be parties to the Services Agreement, nor third-party beneficiaries of the Agreement. Indeed, as EDS discusses in its motion to dismiss briefing, the Services Agreement expressly disavows any intent to create third-party beneficiaries which conclusively negates any argument that Plaintiffs are third party beneficiaries. *See* EDS' Mem. at 15-16. Under these circumstances where there is no privity of contract, the Plaintiffs' hypothetical contract claims would simply not trigger the Tucker Act and the SEC would remain immune.

## CONCLUSION

For the foregoing reasons, EDS submits that the answer to the Court's hypothetical provides additional support for why EDS' motion to dismiss should be granted.

---

[2] Plaintiffs also allege that NASD breached an implied contract with it, but Plaintiffs seem to have abandoned that claim. In their opposition brief, Plaintiffs failed to address NASD's argument that Plaintiffs had no implied contract. Then, after NASD argued in its reply brief that Plaintiffs abandoned the claim (*see* NASD's Reply Brief at 20-23), Plaintiffs sought and were granted leave to file a sur-reply, but addressed neither NASD's original argument, nor NASD's argument that Plaintiffs had abandoned the claim.

Dated: May 10, 2007                                  Respectfully submitted,


        /s/ James P. Karen
James P. Karen
Joshua S. Roseman
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Telephone:    (214) 220-3939
Facsimile:    (214) 969-5100

James E. Gauch
Robert H. Klonoff
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone:    (202) 879-3939
Facsimile:    (202) 626-1700


Attorneys for Defendant
Electronic Data Systems Corporation

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing instrument this 10th day of May 2007. The following counsel will also be served by United States Mail.

John Balestriere, Esq.
Balestriere, P.L.L.C.
225 Broadway, Suite 2700
New York, NY  10007

Gerald E. Martin, Esq.
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, TN  37201

John G. Richards
Davis, Bucco & Ardizzi
10 East 6th Avenue, Suite 100
Conshohocken, PA 19428

Joseph Tacopina, Esq.
Arthur L. Aidala & Associates, P.C.
597 Fifth Avenue
New York, NY  10017

Frederic S. Fox, Esq.
Kaplan Fox & Kilsheimer, LLP
805 Third Avenue, 22nd Floor
New York, NY  10022

William W. Graham
Graham & Ervanian, PC
604 Locust Street, Suite 630
Des Moines, IA 50309

James F. Rittinger, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, 11th Floor
New York, NY  10169

                                                          /s/ James P. Karen             

DLI-6115297v1