**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION | MISC. ACTION NO. 06-355 (JDB) MDL DOCKET NO. 1772 |
| THIS DOCUMENT RELATES TO: WIERENGA, NO. 1:07-CV-00674 | |

**CORRECTED NOTICE OF REMOVAL**

On February 8, 2007, Defendant Electronic Data Systems Corporation ("EDS") filed a Notice of Removal with the Northern District of Illinois in *Wierenga v. National Association of Securities Dealers, Inc.*, No. 1:07-cv-00761 (N.D. Ill. filed Feb. 8, 2007). That Notice of Removal asserted both diversity and federal question jurisdiction as the bases for EDS' removal. On March 22, 2007, the *Wierenga* action was transferred to this MDL proceeding. EDS has since concluded that the claims that Plaintiff Wierenga asserted against it do not give rise to federal question jurisdiction, but that diversity jurisdiction remains a valid and proper basis for EDS' February 8, 2007 removal. Accordingly, EDS withdraws those portions of its original notice of removal that asserted the existence of federal question jurisdiction over the claims asserted against EDS and now files this Corrected Notice of Removal without those federal question allegations:

1.     A civil action was commenced on January 4, 2007, in the Circuit County Court of Cook County, Cook County, Illinois, captioned *Louis Wierenga* v. *National Association of Securities Dealers, Inc., et al.*, No. 2007-L-000144 (the "state court action").

2.     Defendant EDS was served with the Summons and Complaint in the state court action on January 23, 2007 (attached to original Notice of Removal as "Exhibit A"). The

original Notice of Removal was filed within thirty days after EDS' receipt of the original pleading and summons.

3. As noted by EDS in its original Notice of Removal filed on February 8, 2007, defendant National Association of Securities Dealers ("NASD") had not been served at the time of the original Notice of Removal. *See* Notice of Removal at ¶ 2. Therefore, NASD's consent and joinder in this removal petition is not required.

4. No other process, pleading, or order in the state court action has been served upon either defendant.

5. The Court has original diversity jurisdiction over this action under 28 U.S.C. § 1332 in that this is an action between citizens of different states in which the amount in controversy exceeds $75,000. Defendant EDS is incorporated in the State of Delaware and has its principal place of business in Plano, Texas. *See* Complaint ¶ 11. Defendant NASD is incorporated in the State of Delaware and has its principal place of business in Washington, D.C. *See* Complaint ¶ 10. Although the Complaint does not allege the plaintiff's citizenship, he appears to be a citizen of Illinois. Namely, he alleges that he took the exam in Chicago Heights, Illinois (*see* Complaint ¶ 9) and that at that time he was employed by Spike Trading located in Chicago, Illinois. *See* Complaint ¶ 26. Thus, no defendant is a citizen of the same State as the plaintiff, and no defendant is a citizen of the State in which the removed action was brought.

6. The damages sought by the plaintiff in his Complaint exceed the requisite amount in controversy. *See* Affidavit of James P. Karen (attached to original Notice of Removal as "Exhibit B"). And, although the Complaint does not specify the exact amount of damages sought, the plaintiff does allege to have been "just beginning his career in the financial services industries" and that he suffered "great loss," including lost employment opportunities, lost salary

increases, lost commissions, automatic reduction in year-end bonuses that constitute a significant portion of compensation, forced relocation, and termination from employment. *See* Complaint ¶ 4. EDS' experience with similar claims brought by similarly situated plaintiffs suggests that these plaintiffs often allege damages far exceeding $75,000, exclusive of interest and costs. Thus, the undersigned counsel has removed this case in good faith based on current knowledge of the claims.

7.      Because this action is within the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 this action is properly removed pursuant to 28 U.S.C. § 1441.

8.      Plaintiff demanded a jury trial in the state action.

WHEREFORE, EDS submits that removal of the state court action is proper.

Dated:  August 7, 2007                                              Respectfully submitted,


                                                                    /s/ James P. Karen
                                                                    James P. Karen
                                                                    Joshua S. Roseman
                                                                    JONES DAY
                                                                    2727 North Harwood Street
                                                                    Dallas, TX  75201
                                                                    Telephone:    (214) 220-3939
                                                                    Facsimile:    (214) 969-5100

                                                                    James E. Gauch
                                                                    JONES DAY
                                                                    51 Louisiana Avenue, N.W.
                                                                    Washington, DC  20001-2113
                                                                    Telephone:    (202) 879-3939
                                                                    Facsimile:    (202) 626-1700


                                                                    Attorneys for Defendant
                                                                    Electronic Data Systems Corporation

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing instrument this 7th day of August 2007. The following counsel will also be served by United States Mail.

| | |
|---|---|
| John Balestriere, Esq.<br>Balestriere, P.L.L.C.<br>225 Broadway, Suite 2700<br>New York, NY  10007 | Frederic S. Fox, Esq.<br>Kaplan Fox & Kilsheimer, LLP<br>805 Third Avenue, 22nd Floor<br>New York, NY  10022 |
| Gerald E. Martin, Esq.<br>Barrett, Johnston & Parsley<br>217 Second Avenue North<br>Nashville, TN  37201 | William W. Graham<br>Graham & Ervanian, PC<br>604 Locust Street, Suite 630<br>Des Moines, IA 50309 |
| John G. Richards<br>Davis, Bucco & Ardizzi<br>10 East 6th Avenue, Suite 100<br>Conshohocken, PA 19428 | James F. Rittinger, Esq.<br>Satterlee Stephens Burke & Burke LLP<br>230 Park Avenue, 11th Floor<br>New York, NY  10169 |
| Joseph Tacopina, Esq.<br>Arthur L. Aidala & Associates, P.C.<br>597 Fifth Avenue<br>New York, NY  10017 | Philip John Fowler<br>Gloor Law Group, LLC<br>225 W. Wacker Dr., Ste. 1700<br>Chicago, IL 60606 |

                    /s/ James P. Karen